Hall, Judge.
In England there are two Admiralty Courts of civil jurisdiction; the one is called the Instance Court, the other the Prize Court. In many instances the Courts of common law have jurisdiction of trespasses committed on the high seas, as for seizing, stopping or taking a ship on the high sea not as prize. But whenever the trespass complained of is a taking, &c. on the high seas as prize, the Courts of common law have not jurisdiction. The nature of the question, not the locality, constitutes the rule on which depends the jurisdiction of the Courts of common law: But for the taking, &c. as prize, (of which the Courts of common law have not jurisdiction) the Prize Courts have sole and ex-clusive jurisdiction—Doug. 592.—A trespass for taking a ship, &c. not as prize, is the object of municipal law. The Prize Court is governed by rules and regulations peculiar to itself. In *142 this Court generally disputes arise not between citizens or subjects of the same, but of different nations. It is therefore proper that such disputes should be determined by the laws and usages of nations, and such regulations as may exist between the nations to which the parties belong ; so that the same rules of decision are common to Prize Courts, whether established in one country or another. The powers of the Instance Courts and Prize Courts constitute the extent of jurisdiction of the Courts of Admiralty in the United States—3 Dallas 16.—It appears from the record in this case, that the defendant captured the brig by virtue of a commission from the French Republic, and in consequence of the said brig’s being without a register, &c. the defendant sets up no claim to the brig, nor justifies the taking of her on any other ground: Is this then a question of prize or no prize, or not ? I think it is, and that this Court consequently has not jurisdiction, but that, the Court of Admiralty has sole and exclusive jurisdiction in cases of this description.
It has been urged for the plaintiff that this matter ought to have been pleaded to the jurisdiction of the Court, and that the not pleading it in that form is a waiver of it; but consent cannot give original jurisdiction to a Court which has it not—2 Burrow 746—2 Wash. Rep. 215.—It was decided in the case of Row vs. Hassard, cited in Doug. 581, that the plaintiff could not recover in trespass for taking a ship as prize, the plea of not guilty being pleaded. It has also been urged for the plaintiff, that unless the Court will grant him relief he will be without a remedy, because only the person of the defendant is within the *143 reach of the Courts of Admiralty, and those Courts will not proceed against the person in the first instance.
I think this is a case of prize or no prize, and that the Courts of Admiralty have exclusive ju-risdiction of it. I know of no authority warranting an exception from this general rule, in the case where the person of the captor only, and not the vessel captured, is within the jurisdiction of the Courts of Admiralty. It has likewise been urged for the plaintiff, that as the defendant converted the brig to his own use before any adjudication took place respecting her by a proper tribunal, he ought to be considered a trespasser ab initio. In order to ascertain the merits of that argument, we in act have recourse to the particular usages and regulations that may exist between, the countries to which the plaintiff and defendant may belong. To go in search of these, would lead us out of our course : they exclusively belong to the Prize Courts. If it is said that the brig Sally belonged to the citizen of a neutral nation, and therefore could not be the subject of prize, it may be observed that the owner of a neutral ship may violate his neutrality by carrying contraband goods, by taking part with one of the belligerent powers improperly, &c. Whether the being without a register,&c. would justify a capture, &c. is not I think for this Court, but a Prize Court to determine. I am of opinion therefore, that however strongly the justice of this case may plead for the plaintiff, that this Court has not jurisdiction of the subject matter for which this suit has been brought, and that judgment should be entered for the defendant.
*144 Johnston, Judge.—
In this case, in order to decide whether the plaintiff has a right to recover, it must be enquired into, whether the vessel and cargo were prize or not; and it stands admitted in every case where the question of prize or no prize must be decided, that the Courts of common law have no jurisdiction, but that it appertains exclusively to the Courts of Admiralty. There are cases where the Courts of common law have taken cognizance of torts committed on the high sea by one British subject on the property of another; but do not find that in any instance they have sustained a suit by a subject against a foreigner acting under a commission from his sovereign.
Macay, Judge.—
This case states that the brig and cargo were taken on the high seas under the pretence of a prize, by the privateer Bellona, commissioned by the Republic of France, the brig and cargo carried into the Spanish port of St. Jago, in the island of Cuba, and there sold without any regular condemnation. That the defendant was owner of the privateer, that the brig had no register on board. The plaintiff, being an American citizen, claims said brig and cargo as neutral property, as not liable to capture. A verdict has been obtained in this case in the Superior Court of Law for the district of Newbern, subject to the opinion of the Court on this question: Whether the Court has jurisdiction of this case? To determine this question, it will be necessary to enquire whether this brig and cargo were taken on the high seas as a prize, and, if so taken, whether she was or was not a prize.
*145 The case states that she was taken by a privateer commissioned by the Republic of France, “ under the pretence of a prize," that she had no register on board. The expression, according to my understanding, is the same as if the case had stated, she was taken as a prize; the caption was for the purpose of making a prize of her and cargo; then the other question arises, Was she a prize or not? To determine this, the Court of Admiralty has the sole, undisturbed and exclusive jurisdiction, which they are bound to determine agreeably to the law of nations. 3 Black. 108. 69 Doug. 504. Le Caux vs. Eden. 2 Dall. 160 4 Term. Rep. 382. 1 Mol. 57. 3 Durn. & East 341, 343, 344. In opposition to these authorities I find but one, Comb. 120. Beake vs. Ferrell, in which it appears, that on the question prize or not, the courts of common law and admiralty have a concurrent jurisdiction. In 1 Show. 6 this case is also reported and explained: She was seized by the East-India Company, and there condemned by their Admiralty. The question prize or no prize, to be determined by the law of nations, made no part of this question. All the other authorities that I have been able to examine, do expressly state that the Courts of Admiralty have the sole and exclusive jurisdiction of determining prize or no prize. It is true that trespasses may be committed on the high seas by one ship taking goods from another tortiously, and by various other means of which the courts of common law have jurisdiction. Where the admiralty court has not original jurisdiction of the cause, the jurisdiction of the courts of common law is not entirely taken away. 3 Blanc-108. Comb. 462. But in no case have they interfered where the question, as in the present case, *146 is prize or no prize. I am of the opinion that the superior court of law had not jurisdiction.— Judgment for defendant.